## Case No. 11,733.

### REYNOLDS et al. v. The SIMOON.

[N. Y. Times, June 14, 1863.]

District Court. S. D. New York. 1863.

ADMIRALTY—SUIT FOR WAGES—FOREIGN VESSEL—ASSENT OF FOREIGN CONSUL.— SHIPPING ARTICLES—DEPRECIATED CURRENCY.

[1. A district court will exercise jurisdiction of a suit by a foreign seaman against a foreign vessel for wages when the consul of the sovereign of both parties certifies his approbation and consent.]

[2. Shipping articles for a voyage to certain ports, and back to a final port of discharge, in the United Kingdom, are violated by accepting a cargo at the last of said ports for Valparaiso.]

[3. Foreign seamen who abandon their vessel in a United States port, upon a strict construction of their contract, can recover only the value of their contract converted into legal currency of the United States, disregarding any depreciation thereof.]

[This was a libel for seamen's wages by John Reynolds and others, British subjects, against the British bark Simoon, filed with the assent of the British consul.]

Mr. Edwards, for libelants.

Beebe, Dean & Donohue, for respondents.

Before BETTS, District Judge.

This was a libel for seamen's wages. The libel alleged that on May 3, 1862, the libelants shipped on board the British bark Simoon, at Liverpool, for a voyage "to Madras, thence if required to any ports or places in the Indian, Pacific and Atlantic Oceans and China and Eastern Seas, (thence to a port for orders and to the continent of Europe if required,) and back to a final port of discharge in the United Kingdom, the term not to exceed three years;" that the vessel went to Madras, thence to Manilla, thence to St. Helena, for orders, where she was ordered to New York, and arrived here on April 28, 1863; that the vessel discharged her cargo, and then took in a cargo for Valparaiso, whither she was about to sail instead of going to a port in the United Kingdom; that the contract was, therefore, broken, and the

libelants were entitled to their discharge and their wages, amounting in all to $2,-439.31. The answer excepted to the jurisdiction of the court, the libelants being British subjects and the vessel a British vessel, and claimed that the libelants were not entitled to their discharge, but were bound under the articles to go the voyage to Valparaiso.

HELD BY THE COURT: That, as it appears by the certificate of the British consul that the suit is brought with his approbation and assent, the court will exercise jurisdiction of the action. The Napoleon [Case No. 10,015]; Davis v. Leslie [Id. 3,639]. That the libelants are not bound to go back on the voyage to the Pacific Ocean, and, having offered to fulfill the agreement of the articles by going back to a port in the United Kingdom, they are acquitted of all obligation to continue with the ship on her voyage to Valpariso, and are entitled to demand and receive the wages already earned. That the term of the proposed service being yet unexpired, and the libelants not having been driven from the ship by coercion or want of supplies or bad treatment, and electing to abandon her upon a strict point of construction of their agreement as to the order or place in which their services were to be rendered, they are entitled to recover no more than the value of their demands in the legal currency of the United States. Decree for libelants, with a reference.

The report of the commissioner was excepted to by the libelants, because their wages had been calculated only at the rate of $4.85 to the pound sterling, but the court overruled the exception, and confirmed the report.

REYNOLDS (SMITH v.). See Cases Nos. 13,-097–13,099.

REYNOLDS (STAPLETON v.). See Case No. 13,303.

REYNOLDS (THIELMAN v.). See Case No. 13,883.

REYNOLDS (VALENTINE v.). See Case No. 16,813.